**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**EARL BURDETTE**
**AND CORNELIA FAY PETTIS**      **PLAINTIFFS**

**v.**      **CIVIL ACTION NO.: 3:13-CV314-MPM-SAA**

**PANOLA COUNTY, MISSISSIPPI, BY**
**AND THROUGH ITS BOARD OF SUPERVISORS;**
**PANOLA COUNTY SHERIFF, DENNIS DARBY,**
**IN HIS INDIVIDUAL CAPACITY AND JOHN DOES 1-10**      **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

**NOW COME** Defendants, Panola County, Mississippi, by and through its Board of Supervisors; and Panola County Sheriff, Dennis Darby, in his Individual Capacity, by counsel, and respectfully submits this Answer and Affirmative Defenses in response to the Complaint filed herein by Plaintiffs, as follows:

## FIRST AFFIRMATIVE DEFENSE

*(Motion to Dismiss - §1983 Claim)*

The Complaint fails to state a cause of action as to these Defendants for which relief may be granted, including, but not limited to, the defense of qualified immunity as to the individual Defendants herein, named or unnamed. Further, the Complaint fails to state a claim against these Defendants upon which relief may be granted under <u>Monell v. Dept. of Social Services</u>, 436 U.S. 653 (1977). Plaintiffs Complaint should accordingly be dismissed. Defendants pray for an early determination of this issue in the interest of judicial economy.

## SECOND AFFIRMATIVE DEFENSE

*(Motion to Dismiss State Law Claims)*

To the extent Plaintiffs Complaint seeks relief under state law, these Defendants invoke the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-1 (Supp. 1997), *et seq*. Specifically, Plaintiffs Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the Mississippi Tort Claims Act, as no claim under state law is available against a governmental entity or its employees for either: (1) exercise of discretion by sworn law enforcement officers; (2) failure to train, supervise or discipline law enforcement officers; or, (3) arrest and detention of persons engaged in criminal activity. *Miss. Code Ann.* §11-46-9(1)(b),(c),(d),(e),(f),(h),(m) (Supp. 1997). Plaintiffs' individual claims under state law are likewise subject to immunity pursuant to *Miss. Code Ann.* §§11-46-5 and §11-46-7, and common law good faith immunity and public official immunity. Alternatively, Defendants state that there are no material facts which remain at issue as to either Plaintiffs status as an inmate or the date of occurrence of the alleged accident, and move for judgment on the pleadings pursuant to Fed. R. Civ. Proc., Rule 12 (c). Defendants pray for an early determination of this issue in the interest of judicial economy.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted against any Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs conduct and/or the conduct of third parties not employed by Panola County, Mississippi, was the sole cause of Plaintiffs alleged injuries and damages, if any; alternately, Plaintiffs conduct was a proximate cause of the incidents forming the basis of this lawsuit. These Defendants assert the protections of the Mississippi apportionment statute, *Miss. Code Ann.* §85-5-7

(Supp. 2003). To the extent that Plaintiffs suffered injury as a result of the tortious act of one other than these Defendants or as a result of their own fault, either Plaintiffs or the responsible party should be assessed all or a portion of the responsibility for any injury/damages occasioned thereby based upon the principles of comparative negligence/contributory negligence, and any recovery to which Plaintiffs would otherwise have been entitled must be reduced in accordance therewith.

## FIFTH AFFIRMATIVE DEFENSE

Simply put, a municipal law enforcement officer does not have the legal right to take over a felony criminal investigation from a Mississippi Sheriff within his jurisdiction. The individual Defendants (named and unnamed) in this case are entitled to qualified immunity from Plaintiffs claims. These individuals were at all times public officials in the course of duties during the incident forming the basis of this lawsuit. Said individuals did not engage in any conduct, which deprived the Plaintiffs of any right, privilege or immunity protected by the Constitution or Laws of the United States. Additionally, said individuals conduct was objectively reasonable in light of clearly established law at the time of their actions in this matter. These individuals actions were justified and arguably justifiable in light of the information each possessed and clearly established law. As such, a reasonable officer could have believed their actions lawful during the incident forming the basis of this lawsuit.

## SIXTH AFFIRMATIVE DEFENSE

With respect to Plaintiffs state law claims, these Defendants claim the protection of the statutory exemptions from liability found in *Miss. Code Ann.* §11-46-9 (1999). Alternatively, these Defendants claim the protection of governmental immunity and/or sovereign immunity.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs official capacity federal constitutional claims are necessarily predicated on the

doctrine of *respondeat superior* and are thus barred as a matter of law by reason of the absence of any proof or allegation of any official policy, custom or practice of the Sheriff of Panola County, Mississippi that was the moving force behind the alleged injuries of Plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs failure to allege violation of any legal duty by any Defendant bars this cause of action.

### NINTH AFFIRMATIVE DEFENSE

To the extent that any personnel acting within the course and scope of their employment with Panola County are alleged to be involved in or responsible for the custody, safety, protection, supervision or care of Plaintiffs at any time, such conduct was at all times objectively reasonable and consistent with clearly established law, and for that reason, Plaintiffs claims are barred.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs Complaint fails to state a claim upon which relief can be granted as to Defendants by reason of the fact that any duty on the part of Defendants officers and agents involved the use of discretion, and at no time did any governmental actor acting on behalf of the Defendants substantially exceed his or her authority, nor was any legally cognizable harm to Plaintiffs caused by or in the course of such exercise of authority and discretion, and Plaintiffs claims are accordingly barred under the doctrine of public official immunity.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

### TWELFTH AFFIRMATIVE DEFENSE

At no time did any governmental actor acting on behalf of these Defendants breach any duty

that was ministerial in nature, causing any legally cognizable harm to Plaintiffs, and for that reason, Plaintiffs claims are barred.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs claim fails to state a cognizable basis for relief under the United States Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE

The criminal conduct of Plaintiffs and/or criminal acts of a third party constitute the sole proximate cause of any injuries they allegedly sustained and of any damages allegedly resulting therefrom. Moreover, the injuries/damages, if any, of Plaintiffs was not foreseeable to these Defendants, and therefore, Plaintiffs claims as to these Defendants should be dismissed.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk and the doctrine of unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

The instant claim fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to Plaintiffs which was caused by these Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

A governmental entity is only liable under §1983 for injuries caused by its policy or custom. Here, there is no identified policy or custom at issue. The instant claims fail as a matter of law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Punitive damages are not cognizable against Panola County nor the named Defendant in

their official capacity under §1983. These Defendants further invoke the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution and the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2) (1993).

### NINETEENTH AFFIRMATIVE DEFENSE

These Defendants are not responsible for any condition of the Plaintiffs that pre-existed the events that made the basis of this Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

The Plaintiffs are disgruntled former employees of the Panola County Sheriff's Department who acted in violation of state law and beyond the authority of municipal police officers. The Panola County Sheriff's Department took the call in question, responded with an approximate investigation and were already engaged in such investigation long before the arrival of the Chief Burdette on the scene. As such, the actions of Chief Burdette and the commands issued by Chief Burdette to Officer Pettis, were beyond his lawful authority and outside the scope of his municipal office. In short, neither Plaintiff possessed any right under either state or federal law to disregard the superior authority of the Office of Panola County Sheriff, to interfere with a felony investigation by and through the Office of the Panola County Sheriff, to verbally and physically resist lawful commands under authority of the Office of the Panola County Sheriff, or to verbally and physically assault sworn deputies of acting under the authority of the Office of the Panola County Sheriff. Neither state law, nor the Town of Como vested Plaintiffs with the authority upon which their entire Complaint is premised. Rather, the actions of the Panola County Sheriff and Panola County Deputy Sheriffs acting pursuant to the authority of the Office of the Panola County Sheriff were at all times consistent with clearly established law. Defendants respectfully pray for a Reply pursuant to Rule 7, *Fed. R. Civ. Proc.*

**AND, NOW,** having asserted their affirmative defenses to the Complaint filed herein, and without waiving any such defenses, these Defendants answer the allegations of Plaintiffs Complaint as follows:

1. Defendants admit the allegations of Paragraph 1 of the Complaint.

2. Defendants admit the allegations of Paragraph 2 of the Complaint and respectfully state that such power and authority under the laws and constitution of the State of Mississippi render the office of Sheriff of Panola County as the chief law enforcement officer within the County with regard to the investigation, arrest and detention state law felony suspects within the County.

3. Defendants admit the allegations of Paragraph 3 of the Complaint.

4. No answer is required for the allegations of Paragraph 4 of the Complaint.

5. Defendants admit that the Complaint alleges a federal question arising from the power and authority under the laws and constitution of the State of Mississippi with regard to the office of Sheriff of Panola County as it concerns the investigation, arrest and detention of state law felony suspects within the County. The Plaintiffs claim no basis for relief under United States Constitution. The Plaintiffs have no contractual rights which were impacted by the incident in question.

5a. VENUE: Defendants agree that the Northern District of Mississippi, Oxford Division, is the proper venue for this cause of action.

6. Defendants deny the allegations of Paragraph 6 of the Complaint.

7. Defendants admit that Otis Griffin is no longer the Sheriff of Panola County and that Plaintiffs were no longer sworn deputies of the Sheriff of Panola County at the time of the incident complained of in the Plaintiffs' Complaint.

8. Defendants deny the allegations of Paragraph 8 of the Complaint.

9. Defendants deny the allegations of Paragraph 9 of the Complaint.

10. Defendants deny the allegations of Paragraph 10 of the Complaint.

11. Defendants deny the allegations of Paragraph 11 of the Complaint.

12. Defendants deny the allegations of Paragraph 12 of the Complaint.

13. Defendants deny the allegations of Paragraph 13 of the Complaint.

14. Defendants deny the allegations of Paragraph 14 of the Complaint.

15. Defendants deny the allegations of Paragraph 15 of the Complaint.

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

17. Defendants deny the allegations of Paragraph 17 of the Complaint.

18. Defendants deny the allegations of Paragraph 18 of the Complaint.

19. Defendants deny the allegations of Paragraph 19 of the Complaint.

20. Defendants deny the allegations of Paragraph 20 of the Complaint.

21. Defendants deny the allegations of Paragraph 21 of the Complaint.

22. Defendants deny the allegations of Paragraph 22 of the Complaint.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

24. Defendants deny the allegations of Paragraph 24 of the Complaint.

25. Defendants deny the allegations of Paragraph 25 of the Complaint.

26. Defendants deny the allegations of Paragraph 26 of the Complaint.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

28. Defendants deny the allegations of Paragraph 28 of the Complaint.

29. Defendants deny the allegations of Paragraph 29 of the Complaint.

30. Upon the arrival of the Plaintiff, Panola County Sheriff's Department was already on

the scene and engaged in an investigation pursuant to the lawful authority of a Mississippi Sheriff to investigate a potential felony arising under the laws of the State of Mississippi within his jurisdiction. Defendants deny the remaining allegations of Paragraph 30 of the Complaint.

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

32. Defendants deny the allegations of Paragraph 32 of the Complaint.

33. The incident complained of was preserved via audio tape. Plaintiffs unlawfully resisted the lawful actions of the Panola County Sheriff within his jurisdiction. Defendants deny the allegations of Paragraph 33 of the Complaint.

34. Defendants deny the allegations of Paragraph 34 of the Complaint.

35. Defendants deny the allegations of Paragraph 35 of the Complaint.

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

37. Defendants deny the allegations of Paragraph 37 of the Complaint.

38. Defendants deny the allegations of Paragraph 38 of the Complaint.

39. Defendants deny the allegations of Paragraph 39 of the Complaint.

40. Defendants deny the allegations of Paragraph 40 of the Complaint.

41. Defendants deny the allegations of Paragraph 41 of the Complaint.

42. Defendants deny the allegations of Paragraph 42 of the Complaint.

43. Defendants deny the allegations of Paragraph 43 of the Complaint.

44. At all relevant times, Defendants acted within the lawful authority conferred upon them by the laws and constitution of the State of Mississippi and consistent with the rights and guarantees of the United States Constitution. The remaining allegations Paragraph 44 of the Complaint are denied.

45. At all relevant times, Defendants acted within the lawful authority conferred upon them by the laws and constitution of the State of Mississippi and consistent with the rights and guarantees of the United States Constitution. The remaining allegations Paragraph 45 of the Complaint are denied.

46. Defendants deny the allegations of Paragraph 46 of the Complaint.

47. Defendants reaffirm their affirmative defenses, admissions and denials herein above.

48. Defendants deny the allegations of Paragraph 48 of the Complaint.

49. Defendants reaffirm their affirmative defenses, admissions and denials herein above.

50. Defendants deny the allegations of Paragraph 50 of the Complaint.

51. Defendants deny the allegations of Paragraph 51 of the Complaint.

52. Defendants deny the allegations of Paragraph 52 of the Complaint.

53. Defendants reaffirm their affirmative defenses, admissions and denials herein above.

54. Defendants deny the allegations of Paragraph 54 of the Complaint.

55. Defendants deny the allegations of Paragraph 55 of the Complaint.

56. Defendants reaffirm their affirmative defenses, admissions and denials herein above.

57. Defendants deny the allegations of Paragraph 57 of the Complaint.

58. Defendants reaffirm their affirmative defenses, admissions and denials herein above.

59. Defendants deny the allegations of Paragraph 59 of the Complaint.

60. Defendants deny the allegations of Paragraph 60 of the Complaint.

61. Defendants deny the allegations of Paragraph 61 of the Complaint.

62. Defendants deny the allegations of Paragraph 62 of the Complaint.

63. Defendants deny the allegations of Paragraph 63 of the Complaint.

64. Defendants reaffirm their affirmative defenses, admissions and denials herein above.

65. Defendants deny the allegations of Paragraph 65 of the Complaint.

66. Defendants reaffirm their affirmative defenses, admissions and denials herein above.

67. Defendants deny the allegations of Paragraph 67 of the Complaint.

68. Defendants reaffirm their affirmative defenses, admissions and denials herein above.

69. At all relevant times, the Defendants acted pursuant to and within the authority of clearly established law.

70. Defendants deny the allegations of Paragraph 70 of the Complaint.

71. Defendants deny the allegations of Paragraph 71 of the Complaint.

**AND NOW, HAVING FULLY ANSWERED** and asserted their Affirmative Defenses, the Defendants pray that this Court grant the following relief:

(A) That this Court dismiss Plaintiffs Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses, including, but not limited to, applicability of the statutory exemptions from liability as set forth in the Mississippi Tort Claims Act and qualified immunity;

(B) That this Court deny Plaintiffs the relief prayed for in Plaintiffs prayer for relief, and that Plaintiffs be denied any relief whatsoever;

(C) That this Court order Plaintiffs to reply to qualified immunity pursuant to Rule 7, *Fed. R. Civ. Proc.*; and,

(D) That this Court award these Defendants their attorney fees, costs and expenses associated with the defense of the instant civil action pursuant to *Fed. R. Civ. Proc.* 11, and 42 U.S.C. §1988.

**RESPECTFULLY SUBMITTED** this the 28th day of February, 2014.

                      **PANOLA COUNTY, MISSISSIPPI, BY AND THROUGH ITS BOARD OF SUPERVISORS; PANOLA COUNTY SHERIFF, DENNIS DARBY, DEFENDANTS:**

                      */s/ Daniel J. Griffith*
                      By: Daniel J. Griffith, MSB No. 8366
                      Attorney for Defendants

Of Counsel:

**GRIFFITH & GRIFFITH**
123 South Court Street
P. O. Drawer 1680
Cleveland, MS 38732
Phone No. 662-843-6100
FAX No. 662-843-8153

## CERTIFICATE OF SERVICE

      I, Daniel J. Griffith, attorney for Defendants, Panola County, Mississippi, by and through its Board of Supervisors; and Panola County Sheriff, Dennis Darby, hereby certify that I have this day served a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* via the ECF Filing System of the United States District Court of the Northern District of Mississippi to:

                Omar L. Nelson, Esq.
                MORGAN & MORGAN, P.A.
                188 E. Capitol Street, Ste. 777
                Jackson, MS 39201
                **Attorney for Plaintiff**

                Michael N. Hanna, Esq.
                MORGAN & MORGAN, P.A.
                600 North Pine Island Road, Suite 400
                Plantation, Florida 33324

      **DATED** this 28th day of February, 2014.

                      */s/ Daniel J. Griffith*
                        Daniel J. Griffith